**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10152 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-3765-TUC-CKJ |
| v. | |
| LUIS SIERRA-MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David S. Doty, Senior District Judge, Presiding

Argued and Submitted July 11, 2014
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior District Judge.[**]

Luis Sierra-Martinez appeals from the 46-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

§ 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand in part and affirm in part.

Before Sierra-Martinez was sentenced the government declined to move for the third point for acceptance of responsibility under U.S.S.G. § 3E1.1, based in part on Sierra-Martinez's refusal to waive his right of appeal. After Sierra-Martinez was sentenced, the Sentencing Commission in Amendment 775 amended Application Note 6 to U.S.S.G. § 3E1.1 to provide: "The government should not withhold such a motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right of appeal." Sierra-Martinez contends and the government concedes that Amendment 775 is an authoritative and clarifying change in the interpretation of U.S.S.G. § 3E1.1 that applies retroactively to cases that are not final on direct appeal. *See United States v. Felix*, 87 F.3d 1057, 1060 (9th Cir. 1996). We agree and remand the case for re-sentencing so that the district court can determine whether Sierra-Martinez should receive a third point for acceptance of responsibility.

Sierra-Martinez also argues that his 1997 California conviction for attempted second-degree murder does not support the 16-level upward adjustment he received under U.S.S.G. § 2L1.2(b)(1)(A), because unlike the generic definition of attempt, California's definition of attempt does not include a defense of voluntary renunciation. We reject this argument in light of our decision in *United States v. Albino-Loe*, 747

F.3d 1206 (9th Cir. 2014). Pursuant to FED. R. APP. P. 39(a)(4), the Court orders that the parties bear their own costs.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**